Andrew Rundquist, Esq. SBN – 262523
arundquist@lrlo.com
**LEGAL RECOVERY LAW OFFICES, INC.**
5030 Camino De La Siesta # 340
San Diego, CA 92108
Telephone: (800)785-4001
Fax: 619-275-4010

Attorney for Defendant LEGAL RECOVERY LAW OFFICES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| IREETA MORRIS | ) Case No.: 1:10-cv-02330-LJO-DLB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) DEFENDANT LEGAL RECOVERY LAW OFFICES, |
| | ) INC.'S ANSWER TO COMPLAINT |
| LEGAL RECOVERY LAW OFFICES, INC. | ) |
| | ) |
| | ) |
| and DOES 1 to 10 | ) |
| Defendant(s) | ) |
| | ) |
| | ) |

COMES NOW Defendant LEGAL RECOVERY LAW OFFICES, INC. ("LRLO") and answering on file herein, admits, denies and alleges as follows:

1. As to Paragraph 1, Defendant LRLO states that this paragraph asserts no allegations against defendant.
2. As to Paragraph 2, Defendant LRLO states that this paragraph asserts no allegations against defendant.
3. As to Paragraph 3, Defendant LRLO admits that Plaintiff asserts that jurisdiction arises under Federal statutes.
4. As to Paragraph 4, Defendant states that this paragraph asserts no allegations against defendant.
5. As to Paragraph 5, Defendant admits that venue is proper.

6. As to Paragraph 6, Defendant LRLO admits that Plaintiff is an individual but Defendant LRLO lacks sufficient information and knowledge to form a belief as to Plaintiff's place of residence and therefore, leaves the Plaintiff to his/her proof.

7. As to Paragraph 7, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

8. As to Paragraph 8, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

9. As to Paragraph 9, Defendant LRLO admits that it conducts business in the State of California, and as to the remaining allegations  Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

10. As to Paragraph 10, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

11. As to Paragraph 11, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

12. As to Paragraph 12, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

13. As to Paragraph 13, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

14. As to Paragraph 14, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiff to his/her proof.

15. As to Paragraph 15, Defendant LRLO denies the allegations contained therein.

16. As to Paragraph 16, Defendant LRLO denies the allegations contained therein.

17. As to Paragraph 17, Defendant LRLO denies the allegations contained therein.

18. As to Paragraph 18, Defendant LRLO denies the allegations contained therein.

19. As to Paragraph 19, Defendant LRLO denies the allegations contained therein.

20. As to Paragraph 20, Defendant LRLO denies the allegations contained therein.

21. As to Paragraph 21, Defendant LRLO denies the allegations contained therein.

22. As to Paragraph 22, Defendant LRLO denies the allegations contained therein.

23. As to Paragraph 23, Defendant LRLO denies the allegations contained therein.

**AFFIRMATIVE DEFENSES**

24. Plaintiff's Complaint, in whole, or in part, fails to state a claim upon which relief can be granted.

25. Plaintiff's claims in whole or in part, are barred by the applicable statute of limitations.

26. That all of Defendant LRLO's actions were taken in good faith and with due care, and Defendant LRLO did not directly engage in the alleged act, acts or omission(s) constituting the alleged violations or causes of action asserted by plaintiff.

27. Plaintiff's claims are barred by the doctrine of laches.

28. Plaintiff's claims are barred by the doctrine of waiver.

29. Plaintiff's claims are barred by the doctrine of res judicata.

30. Plaintiff's claims are barred by the doctrine of collateral estoppel.

31. Plaintiff failed to mitigate his damages, if any were suffered.

32. Plaintiff's damages, if any, were caused by the actions or inactions of others whom this answering Defendant had no control.

33. The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide mistake.

34. The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide error.

35. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

36. As a separate and affirmative defense to the complaint, defendant LRLO alleges that any of its actions and/or communications, if any, whether written or oral, were privileged pursuant to California Civil Code § 47, § 1785.32, 15 U.S.C. § 1692k(d), the common law; and that the use of the process that plaintiff claims were abused was a publication made in the course of judicial or similar proceedings and were absolutely privileged under California Civil Code § 47(b).

37. Defendant LRLO asserts this lawsuit was brought in bad faith and is completely without merit.

38. Answering Defendant LRLO reserves the right to add additional affirmative defenses as may be discovered through future discovery.

39. As a separate and affirmative defense to the complaint, defendant alleges that they, at all times alleged in the complaint, maintained reasonable procedures to prevent any type of unintentional violations of the Fair Debt Collection Practices Act or Rosenthal Fair Debt Collection Practices Act and maintained reasonable procedures to avoid the alleged errors that plaintiff complains of.

WHEREFORE, this answering defendant prays,

40. For a judgment in favor of defendant, and against plaintiff, and that plaintiff take nothing by reason of said complaint;

41. That the answering defendant be awarded costs of suit herein and such further relief as the Court deems just;

42. That plaintiff's complaint be deemed to be made in bad faith thus justifying an award of damages, attorney fees and costs in favor of this answering defendant; and

43. For such other and further relief as this Court may deem just and proper.

Dated: January 19, 2011 Legal Recovery Law Offices, Inc.,


By: /s/Andrew Rundquist

Andrew Rundquist
Attorney for Defendant Legal Recovery Law Offices